UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
Scott Allen LeRoy and Julie LeRoy,

Social Security Nos. xxx-xx-1824 & xxx-xx-5347
Mailing Address: 2130 Edwin Avenue, Durham, NC 27705-

Bankruptcy Case No.: 09-80128

Debtors.

Scott Allen LeRoy and Julie LeRoy,

Plaintiffs,   A.P. No.:

HSBC Bank Nevada, N.A.,
eCast Settlement Corporation,
Bass & Associates, P.C.
and HRSI

Defendants.

## COMPLAINT SEEKING TO DECLARE LIEN VOID AND AN UNFAIR AND DECEPTIVE ACT OR PRACTICE, AND OBJECTING TO CLAIM

The Plaintiffs, above-named, by and through their undersigned counsel, respectfully allege as follows:

### STATEMENT OF CASE

1. That this action is brought by the Plaintiffs to have this Court declare the lien on a 2000 Yamaha Motorcycle declared void and to require the Defendants to return title to the Plaintiffs because the Defendants are prohibited from retaining a security interest under N.C. Gen. Stat. § 24-11(c).

2. That claiming a security interest and noting such on the Plaintiff's certificate of title when a security interest is not authorized under applicable law and is an unfair and deceptive act or practice thus entitling plaintiff to recover damages and attorney's fees in pursuing this matter under Chapter 75 of the North Carolina General Statutes.

3. Further, that the Proof of Claim filed does not, in contravention of Bankruptcy Rule 3001(c), contain a copy of the original writing upon which this claim is based nor any evidence of a statement of the account.

4. Lastly, that the Certificate of Title accompanying the Proof of Claim shows a lien held by

"HRSI" but the Proof of Claim shows is filed on behalf of HSBC Bank Nevada, N.A. ("HSBC") by eCast Settlement Corporation ("eCast") and/or Bass & Associates, P.C. ("Bass") with no documents supporting the assertion that such parties are holders, agents or owners of this claim and/or holders of this lien.

## JURISDICTION

5. That this matter is a core proceeding pursuant to 28 U.S.C. §157, and that the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334.

6. That this Complaint was filed, pursuant to 11 U.S.C. § 506, and in accordance with Bankruptcy Rule 7001, to value their residence for the purpose of determining the secured status of the claim held by HSBC Bank Nevada, N.A., eCast Settlement Corporation, Bass & Associates, P.C., and/or and HRSI.

7. That this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334 and 11 U.S.C. §506.

## VENUE

8. That venue lies in the Middle District of North Carolina in that the Plaintiffs are citizens and residents of the Middle District of North Carolina and are currently in a bankruptcy case filed under Chapter 13 of the United States Bankruptcy Code.

## PARTIES

9. That the Plaintiffs are citizens and residents of the State of North Carolina.

10. That the Plaintiffs are "consumers" as defined by N.C.G.S. § 75-50 (1) and 15 U.S.C. §1692a(3).

11. That the Defendant HSBC Bank Nevada, N.A. is, upon information and belief, a corporation and/or a partnership with an office and principal place of business located at Post Office Box 81622, Salinas, CA 93912-1622.

12. Upon information and belief, that the Defendant HSBC is a "debt collector" as defined by N.C.G.S. § 75-50 (2) and 15 U.S.C. §1692a(6).

13. That the Defendants eCast Settlement Corporation and Bass & Associates, P.C., are, upon information and belief, a corporation and/or a partnership with offices and principal places of business located at:

3936 E. Ft. Lowell, Ste. 200, Tucson, AZ 85712

Post Office Box 7247-6971, Philadelphia, PA 19170-6971

14. Upon information and belief, that the Defendant eCast is a "debt collector" as defined by N.C.G.S. § 75-50 (2) and 15 U.S.C. §1692a(6).

15. That eCast is, upon information and belief, registered with the North Carolina Department of Insurance as a debt collector.

16. Upon information and belief, that the Defendant Bass is a "debt collector" as defined by N.C.G.S. § 75-50 (2) and 15 U.S.C. §1692a(6).

17. That the Defendant HRSI is a corporation and/or a partnership with an office and principal place of business located at Post Office Box 4171, Carol Stream, IL 60197-4171.

18. Upon information and belief, that the Defendant HRSI is a "debt collector" as defined by N.C.G.S. § 75-50 (2) and 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. That on or about March 30, 2006, the Plaintiffs purchased a 2000 Yamaha motorcycle bearing VIN JYAVP02E3YA007553 (hereinafter "motorcycle") from an independent dealer in Durham, North Carolina.

20. That the total purchase price for the motorcycle including tax, tags, and any other fees associated with the purchase of the motorcycle totaled, upon information and belief, $7,477.99.

21. That the Plaintiffs financed the purchase price of this motorcycle by obtaining an extension of credit through the defendants arranged through the dealer.

22. That such extension of credit was a revolving credit account with an interest rate in excess of 24.99% per annum.

23. That as part of the transaction, the Plaintiffs granted defendants a purchase money security interest in the motorcycle.

24. That upon information and belief, the Defendants retained or obtained the certificate of title issued for the motorcycle and caused a lien to be recorded on the Certificate of Title perfecting such security interest in favor of HRSI.

25. That upon information and belief, HSBC and/or HRSI regularly extend revolving credit to consumers seeking to purchase motorcycles and other power motor sport vehicles such as ATVs, personal water craft, motorcycles and other items at rates that exceed 15% per annum.

26. That upon information and belief, HSBC's and/or HRSI's regular extensions of credit occur in North Carolina and affects commerce within this State.

27. That the Plaintiffs received billing statements for this loan from Yamaha Factory Financing.

28. That the Plaintiffs filed this bankruptcy case on January 28, 2009 seeking protection under Chapter 13 of Title 11 of the United States Code.

29. That the Plaintiffs scheduled the debt, which, upon information and belief, forms the basis for the claim, as being held by Yamaha

30. That on or about March 10, 2009, eCast/Bass filed a Proof of Claim in the Plaintiffs' bankruptcy case on behalf of HSBC.

31. That as a result of the actions of the Defendants, the Plaintiffs have suffered actual damages, including, without limitation, attorneys' fees and cost.

### FIRST CLAIM FOR RELIEF

32. That the allegations as alleged in Paragraphs 1 through 31 are re-alleged and incorporated by reference as if set forth fully herein.

33. That the Defendants have claimed a security interest in the motorcycle through the use of a revolving credit account in which the interest rate exceeds 15% per annum.

34. That N.C.G.S. § 24-11(c) prohibits the taking of a security interest to secure an extension of credit through the use of a revolving credit account in which the interest rate exceeds 1.25% per month (15% per annum).

35. That the Defendants have attempted to retain and perfect a security interest in plaintiff's motorcycle in violation of such statute. See *Worley v. GE Money Bank*, 2008 WL 2433195 (Bankr. E.D.N.C. June 16, 2008).

### SECOND CLAIM FOR RELIEF

36. That the allegations as alleged in Paragraphs 1 through 35 are re-alleged and incorporated by reference as if set forth fully herein.

37. That the practice of retaining a security interest and the certificate of title when clearly prohibited under applicable law is an unfair and deceptive act in violation of N.C.G.S. § 75-1.1. See *Peterson v. State Employees Credit Union (In re: Kittrell)*, 115 B.R. 873 (Bankr. M.D.N.C. 1990).

38. That such unfair and deceptive acts or practices affect commerce within the state of North Carolina within the meaning of N.C.G.S. § 75-1.1.

## THIRD CLAIM FOR RELIEF

39. That the allegations as alleged in Paragraphs 1 through 38 are re-alleged and incorporated by reference as if set forth fully herein.

40. That in the Proof of Claim, eCast/Bass, purporting to act on behalf of HSBC, asserts that it holds security interest in such property with a payoff balance, as of the date this case was filed in the amount of approximately $4,865.00.

41. That the Proof of Claim did not, in contravention with the requirement of Bankruptcy Rule 3001(c), contain either the original or a duplicate of the writing upon which the claim is based or a statement of the circumstances of the loss or destruction of such writing.

42. Further, that the Proof of Claim filed does not contain any evidence of an account stated. See *In re Forrest*, Case Number 06-01967-8-RDD (Bankr. E.D.N.C. May 22, 2009.) An account stated is an agreement between the parties that a balance is correct after reasonable examination by the party to be charged. *Strong's North Carolina Index*, 1 N.C. Index $4_{th}$ Accounts and Accounts Stated § 4 (May 2009). In order to establish an account stated, the creditor must provide:

    (1) a calculation of the balance due;

    (2) submission of a statement to the party to be charged;

    (3) acknowledgment of the correctness of the statement by the party; and

    (4) promise, expressed or implied, by the party to be charged to pay the balance due. *Id.*

43. That as a result of this failure to attach evidence of this writing or even of an account stated, the Proof of Claim should not be an allowed secured claim.

44. That pursuant to 11 U.S.C. 506 (d) such claim is not being disallowed:

    1. Pursuant to 11 U.S.C. § 502(b)(5), which relates to debts that are unmatured on the date of filing and are excepted from discharge under 11 U.S.C. § 523(a)(5);

    2. Pursuant to 11 U.S.C. § 502(e), which relates to claims for reimbursement or contribution of an entity that is liable with the debtor or has secured the claim of a creditor; nor

    3. Due only to the failure of any entity to file a Proof of Claim under 11 U.S.C. § 501.

45. That in turn, pursuant to 11 U.S.C. 506(d), the lien securing this loan should be void.

## FOURTH CLAIM FOR RELIEF

46. That the allegations as alleged in Paragraphs 1 through 46 are re-alleged and incorporated by reference as if set forth fully herein.

47. That the Proof of Claim filed in this case was filed by eCast Settlement Corporation and/or Bass & Associates purporting to act on behalf of HSBC Bank Nevada, N.A.

48. That no documentation reflecting the nature of the relationship between eCast/Bass and HSBC was attached to the original Proof of Claim, making it impossible to determine if eCast/Bass is a proper party to which funds should be disbursed, notices sent, etc.

49. That, on or about, June 2, 2009, eCast/Bass filed a "Joint Notice of Transfer of Claim for Other than for Security" with a document attached indicating that the accounts of HSBC Private Label Acquisitions Corporation (USA), HSBC Bank Nevada, N.A., and HSBC Retail Credit (USA) Inc. were transferred to eCast.

50. The North Carolina Division of Motor Vehicles Certificate of Title, however, filed with the Proof of Claim, indicates that the lienholder is HRSI.

51. That no documentation reflecting the nature of the relationship between HSBC and HRSI was attached to the Proof of Claim, making it impossible to determine if HSBC is the current holder of this lien and a proper party to which funds should be disbursed, notices sent, etc.

52. Accordingly, that the Proof of Claim should be disallowed.

   WHEREFORE, the Plaintiffs respectfully pray that this Court grant the following relief:

1. That the lien, listed on the North Carolina Division of Motor Vehicles Certificate of Title as being held by HRSI against the motorcycle, be declared void as in violation of N.C.G.S. § 24-11(c).

2. That the Defendants be ordered to immediately release the lien against the motorcycle.

3. That the Defendants practice of retaining a security interest when not authorized by applicable law be declared and unfair act or practice.

4. That the Plaintiffs have and recover treble their actual damages as allowed by N.C.G.S. § 75-16.

5. That the Plaintiffs have and recover reasonable attorneys' fees and costs as allowed by N.C.G.S. § 75-16.

6. That the Proof of Claim filed by the Defendants be disallowed as insufficient under Bankruptcy Rule 3001(c).

7.  That, pursuant to 11 U.S.C. § 506(d), the lien should be determined to be void.

8.  That the Proof of Claim filed by the Defendants be disallowed as failing to show that Defendants eCast and Bass & Associates, P.C. are agents or assignees of HRSI.

9.  That the Court grant any further relief it determines to be just, proper and necessary.

Dated: July 27, 2009

                                                    LAW OFFICES OF ORCUTT, BLEDSOE & BOLTZ P.C.

                                                    /s Edward C. Boltz
                                                    Edward C. Boltz
                                                    Attorney for the Plaintiffs
                                                    North Carolina State Bar No.: 23003
                                                    1738-D Hillandale Road
                                                    Durham NC 27705
                                                    (919) 286-1695
                                                    eboltz@johnorcutt.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
Scott Allen LeRoy and Julie LeRoy,                    Bankruptcy Case No.: 09-80128

Social Security Nos. xxx-xx-1824 & xxx-xx-5347
Mailing Address: 2130 Edwin Avenue, Durham, NC 27705-
                                                  Debtors.

Scott Allen LeRoy and Julie LeRoy,
                                                  Plaintiffs,    A.P. No.:_____

HSBC Bank Nevada, N.A.,
eCast Settlement Corporation,
Bass & Associates, P.C. and HRSI
                                                  Defendants.

AFFIDAVIT OF SERVICE

I, Edward Boltz, certify, under penalty of perjury, that I am, and at all times during this service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made, and that service of the Summons issued in this adversary proceeding, together with a copy of the Complaint, was made pursuant to Bankruptcy Rule 7004(b) on _____, electronically or when unavailable by regular, first class United States mail, postage fully pre-paid, addressed to:

Richard M. Hutson, II                             Michael D. West
Chapter 13 Trustee                                Bankruptcy Administrator

HSBC Bank Nevada, N.A.                            HRSI
**Attn: Managing Agent**                          **Attn: Managing Agent**
Ecast Settlement Corporation/ Bass &              Post Office Box 4171
Associates, P.C.                                  Carol Stream, IL 60197-4171
3936 E. Ft. Lowell, Ste. 200
Tucson, AZ 85712

HSBC Bank Nevada, N.A.                            eCast Settlement Corporation
**Attn: Managing Agent**                          **Attn: Managing Agent**
Post Office Box 81622                             3936 E. Ft. Lowell, Ste. 200,
Salinas, CA 93912-1622                            Tucson, AZ 85712

| | |
|---|---|
| eCast Settlement Corporation<br>**Attn: Managing Agent**<br>Post Office Box 7247-6971,<br>Philadelphia, PA 19170-6971 | Patti H. Bass<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell, Ste. 200,<br>Tucson, AZ 85712 |

and also by certified mail, return receipt requested, addressed to:

| | |
|---|---|
| HSBC Bank Nevada, N.A.<br>**Attn: Managing Agent**<br>Ecast Settlement Corporation/ Bass & Associates, P.C.<br>3936 E. Ft. Lowell, Ste. 200<br>Tucson, AZ 85712 | HRSI<br>**Attn: Managing Agent**<br>Post Office Box 4171<br>Carol Stream, IL 60197-4171 |
| HSBC Bank Nevada, N.A.<br>**Attn: Managing Agent**<br>Post Office Box 81622<br>Salinas, CA 93912-1622 | eCast Settlement Corporation<br>**Attn: Managing Agent**<br>3936 E. Ft. Lowell, Ste. 200,<br>Tucson, AZ 85712 |
| eCast Settlement Corporation<br>**Attn: Managing Agent**<br>Post Office Box 7247-6971,<br>Philadelphia, PA 19170-6971 | Patti H. Bass<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell, Ste. 200,<br>Tucson, AZ 85712 |

/s Edward Boltz

Edward Boltz