UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:<br>SCOTT ALLEN LEROY AND JULIE LEROY | Bankruptcy Case No.: 09-80128<br>Chapter 13 |
| SCOTT ALLEN LEROY AND JULIE LEROY,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC BANK NEVADA, N.A., ECAST SETTLEMENT CORPORATION, BASS & ASSOCIATES, P.C. AND HRSI,<br><br>Defendants. | Adversary Proceeding No.: A-09-9038D |

**MOTION TO DISMISS COMPLAINT**

NOW COME Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and move the Court to dismiss this action for failure to state a claim upon which relief may be granted on the grounds that the claims alleged arise under laws of the State of North Carolina, which laws are pre-empted by Federal Law since HSBC Bank Nevada, N.A. is a national banking association chartered by the Comptroller of the Currency, United States Treasury, pursuant to 12 U.S.C. § 21 *et seq*.

**ANSWER TO COMPLAINT**

1. Paragraph 1 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 1 is denied.

2. Paragraph 2 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 2 is denied.

3. It is admitted that any alleged Proof of Claim is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 3 of the Complaint is denied.

4. It is admitted that any alleged Certificate of Title is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 4 of the Complaint is denied.

## JURISDICTION

5. Paragraph 5 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, it is admitted that this Court has jurisdiction over the subject matter of the dispute. Except as admitted herein, Paragraph 5 is denied.

6. Paragraph 6 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 6 is denied.

7. Paragraph 7 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, it is admitted that this Court has jurisdiction over the subject matter of the dispute. Except as admitted herein, Paragraph 7 is denied.

## VENUE

8. Admitted, upon information and belief.

## PARTIES

9. Admitted, upon information and belief.

10. Paragraph 10 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 12 is denied.

13. Admitted that Bass & Associates, P.C. has principal place of business at stated address. Except as admitted, Paragraph 13 is denied.

14. Paragraph 14 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 14 is denied.

15. Paragraph 15 is admitted.

16. Paragraph 16 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Paragraph 18 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 18 is denied.

## FACTUAL ALLEGATIONS

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Defendants admit that the terms and conditions that apply to any credit account allegedly issued by Defendants would be in writing, which writing is the best evidence of its contents. Except as admitted, Paragraph 21 is denied.

22. Defendants admit that the terms and conditions that apply to any credit account allegedly issued by Defendants would be in writing, which writing is the best evidence of its contents. Except as admitted, Paragraph 22 is denied.

23. Defendants admit that the terms and conditions that apply to any credit account allegedly issued by Defendants would be in writing, which writing is the best evidence of its contents. Except as admitted, Paragraph 23 is denied.

24. It is admitted that any alleged Certificate of Title is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 24 of the Complaint is denied.

25. It is admitted that HSBC Bank Nevada, N.A. engages in extensions of credit to consumers in North Carolina with interest rates that exceed 15% as permitted under applicable law. Except as admitted herein, Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Defendants are without sufficient information regarding the allegations contained in Paragraph 27 and therefore deny same.

28. Upon information and belief, Paragraph 28 is admitted.

29. It is admitted that Plaintiffs' bankruptcy petition is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 29 of the Complaint is denied.

30. It is admitted that any alleged Proof of Claim is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 30 of the Complaint is denied.

31. Paragraph 31 is denied.

## FIRST CLAIM FOR RELIEF

32. Defendants incorporate by reference all foregoing paragraphs as if set forth fully herein.

33. Paragraph 33 is denied.

34. Paragraph 34 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, it is admitted that N.C. Gen. Stat. § 24-11 does not regulate extensions of credit made by HSBC Bank Nevada, N.A., which is a national banking association chartered by the Comptroller of the Currency, United States Treasury, pursuant to 12 U.S.C. § 21 *et seq.* Except as admitted herein, Paragraph 34 is denied.

35. Paragraph 35 is denied.

## SECOND CLAIM FOR RELIEF

36. Defendants incorporate by reference all foregoing paragraphs as if set forth fully herein.

37. Paragraph 37 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 37 is denied.

38. Paragraph 38 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 38 is denied.

## THIRD CLAIM FOR RELIEF

39. Defendants incorporate by reference all foregoing paragraphs as if set forth fully herein.

40. It is admitted that any alleged Proof of Claim is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 40 of the Complaint is denied.

41. It is admitted that any alleged Proof of Claim is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 41 of the Complaint is denied.

42. It is admitted that any alleged Proof of Claim is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 42 of the Complaint is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 44 is denied.

45. Paragraph 45 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 45 is denied.

## FOURTH CLAIM FOR RELIEF

46. Defendants incorporate by reference all foregoing paragraphs as if set forth fully herein.

47. It is admitted that any alleged Proof of Claim is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 47 of the Complaint is denied.

48. It is admitted that any alleged Proof of Claim is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 48 of the Complaint is denied.

49. It is admitted that the alleged document is in writing and is the best evidence of its contents. Except as admitted, Paragraph 49 of the Complaint is denied.

50. It is admitted that any alleged Certificate of Title is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 50 of the Complaint is denied.

51. It is admitted that any alleged Proof of Claim is a document in writing and is the best evidence of its contents. Except as admitted, Paragraph 51 of the Complaint is denied.

~ Doc# 53895.1 - 23282/01611 ~

Case 09-09038    Doc 6    Filed 08/27/09    Page 6 of 9

52. Paragraph 52 is denied.

## AFFIRMATIVE DEFENSES

FOR A FIRST FURTHER ANSWER AND DEFENSE, Defendants allege and say that the Plaintiffs' complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

FOR A SECOND FURTHER ANSWER AND DEFENSE, Defendants allege and say that they specifically deny that either of them or any of their officers, directors or employees was guilty of any wrongful acts or omissions which proximately caused or contributed to the damages or other losses alleged and incurred, if any, by Plaintiffs.

FOR A THIRD FURTHER ANSWER AND DEFENSE, Defendants allege and say to the extent that Defendants are otherwise liable for any of the claims alleged in the complaint, which liability is denied, any acts or omissions of Defendants of which Plaintiffs complain were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, the existence of which error is denied.

FOR A FOURTH FURTHER ANSWER AND DEFENSE, Defendants allege and say to the extent that Plaintiffs are found to have failed to mitigate their damages, the existence of which is denied, then Plaintiffs' claims are barred.

FOR A FIFTH FURTHER ANSWER AND DEFENSE, Defendants allege and say at all pertinent times, Defendants acted in good faith and without malice or intent to injure Plaintiffs.

FOR A SIXTH FURTHER ANSWER AND DEFENSE, Defendants allege and say that they should be permitted to recover their costs and attorneys fees pursuant to N.C. Gen. Stat. §

75-16.1 on the grounds that Plaintiff knew or should have known that the claim alleged in the Complaint under N.C. Gen. Stat. § 75-1.1 was frivolous and/or malicious.

FOR A SEVENTH FURTHER ANSWER AND DEFENSE, Defendants allege and say that Plaintiffs' claims are pre-empted by Federal Law since HSBC Bank Nevada, N.A. is a national banking association chartered by the Comptroller of the Currency, United States Treasury, pursuant to 12 U.S.C. § 21 *et seq*.

Defendants reserve the right to allege other affirmative defenses based on discovery in this matter.

WHEREFORE, Defendants pray the Court as follows:

1. That the Plaintiffs have and recover nothing of Defendants and that the Complaint be dismissed with prejudice;

2. That the costs of this action be taxed against the Plaintiffs including the costs and attorneys fees of Defendants pursuant to N.C. Gen. Stat. § 75-16.1;

3. For a trial by jury; and

4. For such other and further relief as the Court may deem just and proper.

This the 27th day of August, 2009.

        NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

        By: /s/ Donald R. Pocock
          Donald R. Pocock (N.C. Bar No. 29393)
           Email: donald.pocock@nelsonmullins.com
           380 Knollwood Street, Suite 530
           Winston-Salem, NC 27103
           Phone: 336.774.3333
           Fax: 336.774.3299
           ***Attorneys for Defendants***

# CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such to the following:

>Edward C. Bolts
>eboltz@johnorcutt.com
>***Attorney for Plaintiffs***

And I hereby certify that I have mailed the foregoing to the following non CM/ECF participants:

>Richard M. Hutson, II
>300 W. Morgan Street, Suite 425
>Durham, NC 27701
>***Chapter 13 Trustee***
>
>Michael D. West
>Post Office Box 1828
>Greensboro, NC 27402
>***Bankruptcy Administrator***

>NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
>
>By: /s/ Donald R. Pocock
>Donald R. Pocock (N.C. Bar No. 29393)
>Email: donald.pocock@nelsonmullins.com
>380 Knollwood Street, Suite 530
>Winston-Salem, NC 27103
>Phone: 336.774.3333
>Fax: 336.774.3299
>***Attorneys for Defendants***