UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:<br>SCOTT ALLEN LEROY AND JULIE LEROY | Bankruptcy Case No.: 09-80128<br>Chapter 13 |
| SCOTT ALLEN LEROY AND JULIE LEROY,<br><br>                 Plaintiffs,<br><br>v.<br><br>HSBC BANK NEVADA, N.A., ECAST SETTLEMENT CORPORATION, BASS & ASSOCIATES, P.C. AND HRSI,<br><br>                 Defendants. | Adversary Proceeding No.: A-09-9038D |

**CONSENT JUDGMENT**

THIS CAUSE coming before the undersigned Judge of the United States Bankruptcy Court for the Middle District of North Carolina, Durham Division, upon the Complaint filed by the Plaintiffs and the Answer filed by the Defendants and it appearing to the Court that the Parties have agreed to entry of Judgment by Consent as follows:

1. Plaintiffs filed a voluntary petition under Chapter 13 of Title 11 of the United States Code on January 28, 2009.

2. This matter is a core proceeding and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.

3. Plaintiffs purchased a 2000 Yamaha Motorcycle ("the Motorcycle") on or about March 30, 2006 and financed the purchase of the Motorcycle by means of an extension of credit provided by Defendant HSBC Bank Nevada, N.A., which purchase was secured by a

purchase money security interest and which security interest was recorded on a certificate of title in the name of HRSI.

4. On March 10, 2009, Defendant Bass & Associates, P.C. filed a proof of claim in Plaintiffs' Chapter 13 case on behalf of its client, defendant HSBC Bank Nevada, N.A., which proof of claim was transferred to eCast Settlement Corporation as successor in interest on June 17, 2009, in the total amount of $7,980.17, of which $4,865 was a secured claim and $3,115.17 was an unsecured claim without priority.

5. Plaintiffs filed this action seeking to recover actual, statutory, and other damages including attorney's fees alleging that the security interest claimed in the Motorcycle violated North Carolina law and that the Proof of Claim filed by Defendants should be disallowed.

6. Defendants answered the Plaintiffs' Complaint, denied the Plaintiffs' allegations, and alleged that the Plaintiffs' claims should be dismissed and were otherwise pre-empted by Federal law.

With the consent of the Parties, it is hereby ORDERED ADJUDGED AND DECREED as follows:

1. The lien claimed on the certificate of title of the Motorcycle bearing VIN JYAVP02E3YA007553 by HRSI is hereby stripped and declared void and of no effect as a lien upon the Motorcycle.

2. The proof of claim filed by the Defendants on March 10, 2009 shall be treated as an unsecured claim without priority.

3. Should the Chapter 13 case of the debtors be dismissed or converted to a Chapter 7 case, this Consent Judgment shall be null and void and the lien on the Motorcycle shall remain intact and valid.

4. Otherwise, the claims alleged in the Complaint are hereby dismissed with prejudice.

WE CONSENT:

/s Edward Boltz
Edward C. Boltz
*Attorney for Plaintiffs*

/s Donald Pocock
Donald R. Pocock
*Attorney for Defendants*

## PARTIES TO BE SERVED

Edward C. Boltz
Email: eboltz@johnorcutt.com
Law Offices of Orcutt, Bledsoe,
& Boltz, P.C.
1738-D Hillandale Road
Durham, NC 27705
*Attorney for Plaintiffs*

Donald R. Pocock
Email:  donald.pocock@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC  27103
*Attorneys for Defendants*

Richard M. Hutson, II
300 W. Morgan Street, Suite 425
Durham, NC 27701
*Chapter 13 Trustee*

Michael D. West
Post Office Box 1828
Greensboro, NC 27402
*Bankruptcy Administrator*